KERR v. HUDSON HOTEL COMPANY.

In Banc. Nov. 22, 1948.

(37 So. (2d) 630)

Holcomb & Curtis, for appellant.

Roberson, Luckett & Roberson and Maynard, Fitzgerald & Maynard, for appellee.

404

**Montgomery, J.**

Plaintiff filed his declaration in the Circuit Court of Coahoma County, alleging that the defendant is engaged in operating a hotel in Clarksdale, known as the "Alcazar Hotel"; that on March 16, 1947, he registered as a guest at said hotel and was assigned a room, wherein was placed his baggage and other personal property of the value of $428.00; that on said day the defendant had in its employ as a bell-hop, a Negro, Caesar Stokes, who was a heavy drinker and who, on several occasions, had reported for work in an intoxicated condition or had become intoxicated on the job, which facts were well known to the management of the hotel; that Caesar Stokes was of low intelligence and was mentally deficient; that by reason of this mental condition he lost his temper and was unmanageable, all of which was well known to defendant; that defendant nevertheless retained the said Caesar Stokes in its employ, thereby endangering the welfare, safety

and well being of the guests and patrons of the hotel; that on March 16, 1947, Caesar Stokes reported for work in a drunken condition but was allowed to assume his duties as bell-hop and was admonished by the Manager of the hotel and taken to the dressing room for colored employees where he was left, having in his possession matches, with which the said Caesar Stokes started a fire in the corner of the dressing room, which fire spread rapidly through the hotel to plaintiff's room where his belongings were totally destroyed.

The declaration further charges that the defendant hotel company was under a duty to use every reasonable care to protect him and his property from damage; that defendant was under a duty to select and retain competent employees who were fit and suitable to look after the safety of its guests and their property; that defendant breached such duty by having in its employ and retaining therein the said Caesar Stokes, who was wholly unfit and incompetent to work in a public business, and such action on the defendant's part constituted gross negligence and resulted in the damage to the plaintiff.

There was a plea of general issue. At the conclusion of plaintiff's evidence, defendant moved to exclude and direct a verdict for the defendant and this motion was sustained and a judgment was entered for the defendant. Plaintiff below appeals here and assigns as error, (1) the action of the trial court in granting the peremptory instruction for the defendant, and (2) the action of the lower court in excluding evidence offered by plaintiff below to establish the general reputation of Caesar Stokes for drunkeness and to show convictions against him in the City Court in Clarksdale.

At common law, an innkeeper is liable absolutely, or as an insurer, for all goods of a guest lost in the inn, unless the loss happens by an act of God or a public enemy or by the fault or negligence of the guest himself. 32 C. J. p. 548, Section 44. But in this State the liability of

the innkeeper is regulated by statute. Section 7153, Code 1942, provides as follows:

"The liability of the innkeeper of any inn, whether individual, partnership or corporation, for the loss of or injury to personal property placed by his guests under his care other than that described in the preceding section shall be that of a depository for hire. Provided, however, that in no case shall such liability exceed the sum of one hundred dollars for each trunk and contents; twenty-five dollars for each valise and contents, and five dollars for each box, bundle or package and contents so placed under his care, unless he shall have consented in writing with such guest to assume a greater liability; except that nothing herein shall prevent any guest of any hotel or inn from recovering at common law the actual value of the contents of any trunk, valise, box or package which, after being given into the care or custody of the hotel or innkeeper or placed in the rooms of a hotel or inn, shall be lost by or through theft, or the engligence, carelessness or omission of any hotel or innkeeper or his servant or employee, and not by or through the carelessness, negligence or omission of such guest.

The liability here, by virtue of this statute, the hotel not being an insurer, must be founded, if at all, upon a failure to exercise that ordinary care required of a bailee for hire as to the safe-keeping of the property of its guests. Edwards Hotel Co. v. Terry, 185 Miss. 824, 187 So. 518.

Now as to the liability of a bailee for hire, this Court held, in Yazoo & M. V. Railroad Co. v. Hughes, 94 Miss. 242, 47 So. 662, 22 L. R. A. N. S, 975, that when a bailor shows that goods were delivered to his bailee in good condition and are lost or destroyed or returned in a damaged condition, this fact creates a prima facie presumption of negligence and it thereupon devolved upon the bailee to absolve himself from negligence. But the bailee may acquit himself of the charge of negligence by showing that the loss occurred from a cause which prima

facie exonerates the bailee from negligence. Thus, if he proves that the loss was occasioned by burglary, fire, the falling of the warehouse in which the goods were stored, the death of an animal bailed, the burden is again shifted to the bailor to prove the defendant's negligence. So here, when the bailor guest showed delivery of his baggage and personal property into his hotel room in good order and their subsequent loss, this fact creates a prima facie presumption of negligence on the part of his bailee, the hotel-keeper, and it thereupon devolved upon the hotel-keeper to absolve itself from negligence. But when the bailee showed the loss of the bailed property in a fire, this showing prima facie acquitted the bailee of the charge of negligence and the burden again shifted to the bailor to prove the defendant's negligence. This the plaintiff, below, undertook to do by proving that the bailee had employed an incompetent bell-hop, one Caesar Stokes, who was given to drunkenness while in and about the performance of his duties as bell-hop; that his habits of drunkenness were known to the bailee and they nevertheless retained him in their employ, and that through the carelessness of this bellhop the fire was started.

We are not prepared to hold that in no case could such proof establish negligence resulting in the liability of the hotel-keeper bailee, but we do hold that the proof in the case at bar will not justify such a holding.

From the proof in this case, it appears that Caesar Stokes came to the hotel to work at about 10:45 or 11:30 o'clock on the morning of the fire, March 16, 1947, too drunk to work and went up to the fourth floor where he was found by a maid in one of the guest rooms in bed. There was an altercation between the maid and Stokes when she remonstrated with him and Stokes, she says, slapped her. The maid notified the manager, A. E. Defend, and he and a Mr. Floyd Gerald went up to the room and got Stokes and carried him to the dressing room, used by the colored employees for changing from street clothes to uniforms, when going on duty, and from uni-

forms to street clothes when going off duty. On arrival at the dressing room Defend told him to stay in the room until he sobered up. Shortly after Mr. Defend left the dressing room he observed Stokes leaving the dressing room and carried him back to the dressing room where he took the uniform off of him and again told him to stay there until he sobered up and then left him. Stokes then put on his civilian clothes, laid down on a bench, in the room, for a few minutes and then got up and got a cigarette, lit it, and threw the match over on the floor on some paper. The paper ignited but since it was on a concrete floor he thought it would go out, and went out to a delicatessen to get some coffee. While drinking the coffee he was informed that the hotel was on fire.

Now referring back to the burden upon the bailor to prove the negligence of the bailee and that the bailed property was lost by the bailor as a proximate cause of this negligence we find no proof whatever of negligence on the part of the bailee itself, unless the bailee had negligently employed an incompetent servant or had retained the services of this incompetent servant, after it knew, or by the exercise of proper diligence should have known, of his incompetency, and further unless the negligence of this incompetent servant was the proximate cause of the injury. Ingram Day Lbr. Co. v. Joh, 107 Miss. 43, 64 So. 934.

But when we look to our facts for an application of the principle, we find it undisputed that at the time Caesar Stokes negligently started the fire, he was not the servant of the bailee at all. His uniform had been taken off of him by the hotel manager and he had been told to stay in the dressing room. At most Caesar Stokes was no more than a licensee. He was not in the service of the bailee at all.

The burden was on the plaintiff below to prove the negligence of the defendant and there being in this record no proof of such negligence the lower court was correct in granting the peremptory instruction for the defendant.

From what has been said it is not necessary to pass upon the assignment that the court erred in excluding evidence of legal convictions of Caesar Stokes and of his general reputation for drunkenness and sobriety. This could only have gone to Stoke's incompetency and the knowledge thereof by his employer. But, as stated above, he was not at the time of the alleged act complained of the servant of defendant and defendant cannot be charged with liability growing out of his conduct.

Affirmed.